People of Puerto Rico, Plaintiff and Appellee, *v.* Miguel Marti Alvarez, Defendant and Appellant.

No. 4370. Argued March 12, 1931.—Decided May 3, 1932.

*García Méndez & García Méndez* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an appeal by Miguel Marti Alvarez from a judgment convicting him of the crime of involuntary manslaughter, with which he was charged in an information filed by the district attorney.

Two errors are assigned by the appellant in support of his appeal. The first assignment is that the lower court erred in refusing to give a certain instruction to the jury, and the second that the verdict is contrary to the evidence.

The pertinent part of the complaint filed against the appellant reads as follows:

"The said defendant Miguel Marti Alvarez, prior to the filing of this complaint, to wit, on or about January 26, 1930, in the municipal district of Isabela, which forms part of the judicial district of Aguadilla, Puerto Rico, then and there and while driving, as chauffeur, a Chevrolet automobile, license plate No. P-610, along the highway leading from Isabela to Aguadilla, which is a public highway, and on reaching kilometer 128.5 of said highway, and while carrying passengers in said car from Aguadilla to Isabela,

unlawfully and wilfully was driving the said vehicle without due care and circumspection, while the said defendant was then and there in an intoxicated condition, and through his carelessness and negligence in the management of said vehicle and traveling at more than 50 kilometers per hour over said highway, and through his failure to exercise due care, and to take reasonable precautions, zigzagging, he caused the said automobile to overturn and inflict several contusions and wounds to Juan Marti Alvarez, a human being, who suffered a fracture of the skull and the rupture of the posterior meningeal artery which brought about a severe intercranial hemorrhage at the base of the skull, the said Juan Marti Alvarez dying shortly thereafter from the said fracture of the base of the skull.''

The special instruction requested by the appellant to be given to the jury was formulated thus:

''The fact that in a given case a vehicle is shown to have exceeded a specified rate of speed suffices to establish a *prima facie* case. The *prima facie* case so established is not a mere violation of the speed limit. That is the fact in evidence, not the offense proven. The offense is reckless driving. Whether it has been committed or not may depend upon a number of circumstances, including, by express statutory provisions, the width of the road, the manner in which it is being used at the time, and the traffic conditions in general. The *prima facie* case established by evidence that the vehicle in question was running at a high rate of speed might be met, as happens in this case, by testimony to the effect that the road at the place referred to in the information was straight and wide, untravelled and unoccupied at the time. Therefore, Gentlemen of the Jury, the court now charges you that the driving of a motor vehicle at an excessive speed is not a public offense nor does it constitute such negligence as to render the driver of the vehicle liable, unless accompanied by the circumstances above stated. *People* v. *Casanovas*, 38 P.R.R. 197.''

In our judgment the refusal of the court was justified. In the first place, we find from a reading of the general charge which had already been given to the jury, that the same is in itself sufficient, and hence the requested instruction was unnecessary. In the second place, the wording of the instruction seems expressly intended to favor the defendant. And in the third place, the *Casanovas* case, from which the doctrine

relied on for the instruction seems to have been taken, is distinct. There, a mere infringement of the Motor Vehicle Act was involved, whereas here we are dealing with the death of a person, and the speed at which the automobile was being driven is set up as one of the elements constituting the alleged negligence.

Perhaps the court by eliminating part of the requested instruction or by changing the language thereof could have transmitted it, because there is no doubt that the question raised was proper; but the court was not bound to do so in the form requested, and therefore its refusal can not be considered as a prejudicial error.

The second and last assignment of error is that the verdict is contrary to the evidence.

The evidence introduced by the prosecuting attorney at the trial tended to show that the defendant was driving, at two o'clock in the afternoon, along the highway from Aguadilla to Isabela, a public automobile in which other people were also traveling; that he was in an intoxicated condition; that he was driving at a speed of from 50 to 55 kilometers per hour; that the car was zigzagging from ditch to ditch along the road; that going downhill on a curve the car overturned with its wheels up and its passengers underneath; that one of the passengers suffered a fracture of the base of the skull from which he died a few hours afterward; that the road showed zigzagging traces of the wheels with applied brakes of the automobile for a distance of 37 to 40 meters, and that at the end thereof was the overturned car.

The defendant and his witnesses testified that he was not intoxicated although he admitted having taken some rum; one of the witnesses stated that the vehicle was going at 40 kilometers and all of them that it was not zigzagging but that while taking to the right it swerved to the left and overturned; and that the road was wide and straight and at that moment there was no traffic on it.

The conflict in the evidence was adjusted by the jury in favor of the prosecution and the evidence is sufficient to support a conviction, as the manner in which the defendant was operating the car when it overturned and killed one of the passengers traveling in it, shows a lack of due care and circumspection in handling the said vehicle.

By reason of the foregoing, the judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.